UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DAVIS,

        Plaintiff,

– against –

RAUL RAMOS, Medical Director, North Infirmary Command, CHRISTOPHER LaROSA, Physician's Assistant, North Infirmary Command, individually and in their official capacities, and CITY OF NEW YORK,

        Defendants.

**ORDER**

19 Civ. 6419 (ER)

R<span style="font-variant:small-caps">amos</span>, D.J.:

        On July 9, 2019, Michael Davis, proceeding *pro se*, brought a civil rights action under 42 U.S.C. § 1983 against the City of New York, Raul Ramos, and Christopher LaRosa ("Defendants") for violating the Eighth and Fourteenth Amendments during his incarceration on Rikers Island. Doc. 2. Davis alleges that Defendants exhibited deliberate indifference in their belated diagnosis of, and failure to treat his pain from, injuries to his right arm sustained when he tripped while exiting the shower. *Id.* at ¶¶ 13-30.

        Since the filing of his complaint more than eleven months ago, Davis has neither communicated with the Court nor filed a response to the pending motion to dismiss. Doc. 24. Because Davis has failed to prosecute his case, the Court dismisses his claims without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

**I.    Background**

        On October 18, 2019, Defendants moved to dismiss. Doc. 24. Davis missed the initial deadline to respond and, on November 22, 2019, the Court issued its first order directing Davis to file his opposition by December 13, 2019 ("First Order"). Doc. 29.

When Davis still did not respond to the motion or contact the Court, the Court issued a second order on January 8, 2020 directing Davis to respond to the motion by January 29, 2020 ("Second Order").  Doc. 31 at 2.  The Court further indicated that failure to respond would result in the Court considering the motion fully briefed.  *Id*.  That same day, the Clerk informed the Court that the First Order was returned undeliverable because Davis had been transferred to state custody at Woodbourne Correctional Facility and had not provided the Court with his forwarding address.  *Id*.  According to the Docket, the Second Order was not returned to sender.

On February 28, 2020, the Court issued its third order directing Davis to respond to Defendants' motion by March 31, 2020 and noting that if he failed to respond "he may face sanctions for ignoring court orders, including the motion to dismiss being deemed fully briefed or his case being dismissed" ("Third Order").  *Id.*  On June 15, 2020, the Third Order was returned undeliverable because Davis had been released from state custody and again had not informed the Court of his new address.  Doc. 33.

To date, Davis has not informed the Court of any change of address or even contacted the Court since filing his complaint in July of 2019.

**II.    Standard**

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Courts evaluating dismissal under Rule 41(b) must consider

>   (1) the duration of the plaintiff's failures,
>   (2) whether plaintiff had received notice that further delays would result in dismissal,
>   (3) whether the defendant is likely to be prejudiced by further delay,
>   (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
>   (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (citation omitted).  When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.2d 212, 216 (2d Cir. 2014).  In Davis' case, however, all factors weigh in favor of dismissal.

*First*, Davis has not responded to Defendants' motion filed over eight months ago.  Doc. 24.  Nor has Davis complied with the Court's Second Order, which he presumably received and was issued almost six months ago, directing him to respond to the motion.  Doc. 31.  Courts in this district have consistently found similar delays unreasonable.  *Barnes v. Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 431 (BCM), 2020 WL 3100191, at *2 (S.D.N.Y. June 11, 2020) (noting delays of even five months can result in dismissal); *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.") (citation omitted); *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *2 (S.D.N.Y. Feb. 21, 2014) (dismissing claim for failure to prosecute for eight months); *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (dismissing following six months of delay).

*Second*, the Court issued three orders directing Davis to respond to Defendants' motion, and clearly stated in its Third Order that if Davis failed to respond "he may face sanctions for ignoring court orders, including . . . his case being dismissed."  Docs. 29, 31, 32 at 2.  Regardless

of whether Davis received copies of these orders in the mail, "it remained his duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address." *Virola*, 2014 WL 793082, at *3 (citing *Hibbert*, 2000 WL 977683, at *2); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (dismissing despite plaintiff's non-receipt of warning of dismissal because it was "no fault of defendant's, and can only be attributed either to plaintiff's deliberate failure to claim the letter, or her failure to advise the court of a change of address.").

*Third*, prejudice can be presumed from Davis' unreasonable delay. *LeSane*, 239 F.3d at 210. That presumption remains unrebutted where, as here, Davis has neither responded to Defendants' motion nor contacted the Court to even advise of any of his two changes of address in over eight months. *Virola*, 2014 WL 793082, at *3.

*Fourth*, Davis has failed to take advantage of his "right to due process and a fair chance to be heard" by his silence. *LeSane*, 239 F.3d at 209. Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at *3. However, because Davis' delay has not greatly impacted the Court calendar, dismissal without prejudice and not on the merits is appropriate at this time. *Barnes*, 2020 WL 3100191, at *3 ("the lesser sanction of a dismissal without prejudice equally serves the district court's need to clear its calendar") (citation omitted); *Virola*, 2014 WL 793082, at *3 (citing *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)).

*Fifth*, in the face of Davis' failure to respond to the motion, or the Court's orders, or to apprise the Court of his whereabouts at all, there are no weaker sanctions that could remedy plaintiff's failure to prosecute than dismissal. Courts in this district find that even *pro se* litigants must comply with court orders. *Virola*, 2014 WL 793082, at *3 (collecting cases). However, in recognition that Davis is *pro se*, the Court finds dismissal *without* prejudice a sufficient sanction

at this time. *Id.* (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, (2d Cir. 1982) ("When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it.") (quoting Fed. R. Civ. P. 41(b))).

For all of these reasons, the Court dismisses Davis' action without prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 24, and to close the case.

It is SO ORDERED.

Dated:  June 22, 2020
        New York, New York

                                                    EDGARDO RAMOS, U.S.D.J.

Copies Mailed to Plaintiff
Chambers of Edgardo Ramos

5